### Thomas Duplessis *v.* His Creditors, and the Creditors of Thomas and James Duplessis.

Property surrendered by an insolvent, subject to a mortgage, having been sold by his syndic, was purchased by the mortgage creditor, and the price retained in satisfaction of his claim. Bond was given by the creditor, with security, for any amount which he might ultimately have to contribute towards the payment of the privileged expenses of the estate; but no mortgage was reserved on the syndic's sale, nor was it recorded in the office of the Recorder of Mortgages. The property was afterwards sold by the purchaser to a third person, to whom a certificate was delivered from the Recorder of Mortgages, showing that the property was clear of incumbrance. On a rule on the second purchaser, to show cause why the property in his hands should not be sold to satisfy the contribution due by his vendor, the mortgage creditor, for the privileged expenses of the estate: *Held*, that the defendant in the rule not being aware that his vendor was bound to pay any part of the price of the property as a contribution for privileged expenses, and neither the act of sale nor the *procès-verbal* of the adjudication having been recorded, and no mortgage or privilege reserved by the syndic, he could be made liable only in case of having expressly assumed the payment of the contribution. Rule discharged. C. C. 3238, 3314, 3317.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.
*Buisson*, for the appellant.

*L. Janin*, for the defendant in the rule.

SIMON, J.   The syndic of the insolvent estate of Thomas and
James Duplessis is appellant from a judgment discharging a rule
by him obtained on Fergus Gardère, a third possessor of certain
property formerly belonging to the said insolvent estate, but
which was sold at public auction and adjudicated to W. F. C.
Duplessis, to show cause why the said property should not be
seized and sold to satisfy a claim of the said syndic, amounting to
$1,359 75, due by the said W. F. C. Duplessis as a contribution
to the legal and privileged expenses and charges of the estate,
to be paid out of the proceeds of the sale of the property as be-
ing subject to a privilege for the payment of the said sum.

It appears from the record that William F. C. Duplessis, who
was the holder of notes bearing a first mortgage on certain real
property surrendered by the insolvents to their creditors, became
the purchaser thereof at the sale made by the syndic.   He did
not pay the price, but retained it in his hands; and as it had
been anticipated that the proceeds of the property sold would
be subject to a contribution for the privileged expenses of the
estate, the purchaser gave to the syndic an obligation, *in solido*
with S. Blossman as his surety, to secure the payment of the
amount which he might ultimately have to contribute.   The
sale to W. F. C. Duplessis *was not recorded* in the office of the
Recorder of Mortgages, and *no lien or mortgage was reserved* in
the syndic's sale to Duplessis.

In the mean time, the property was sold by Duplessis to Fran-
çois Gardère, and the Recorder of Mortgages *delivered, for the
purposes of the sale, a clear certificate of mortgages;* and on the
5th of May, 1840, François Gardère sold the same property to
Fergus Gardère, the defendant in the rule.

On the 7th of March, 1842, the syndic filed his account or
tableau of distribution, in which he charged the property pur-
chased by Duplessis with a contribution for the legal and privi-
leged charges and expenses, amounting to $1,359 75, and the
*tableau* was duly homologated.   Neither Duplessis nor his surety
having paid the amount, a rule was taken upon them by the syn-

dic, and a judgment was rendered against them, *in solido*, for the said sum, being the amount which, according to the *tableau* of distribution, the said Duplessis is bound to contribute. In December, 1842, a *fi. fa.* was issued against Duplessis and Blossman, which was returned as stayed by order of the plaintiff's counsel; and on the 3d of March, 1843, an *alias fi. fa.* having also been issued, the same was returned by order of plaintiff's attorney, as having expired before it could be executed; whereupon, a third writ of *fi. fa.* having been issued, which was levied on the property in the hands of the present defendant, and discontinued by order of the Parish Court, as appears by the sheriff's return, the rule under consideration was moved for and obtained.

We think the rule was correctly discharged. It is not pretended that the third possessor of the property purchased by Duplessis was aware that the latter was bound to pay a part of the price thereof, as a contribution to the amount necessary to pay the legal and privileged charges, and that a mortgage and privilege still existed on the said property to secure the payment of such contribution: Neither the act of sale, nor the *procès-verbal* of adjudication were recorded in the mortgage office; no lien, mortgage, or privilege was reserved by the syndic, who had permitted the purchaser to retain the price, so as to apply the funds to the extinguishment or satisfaction of the mortgage notes which he held against the insolvents; and unless the appellee had expressly assumed the payment of the contribution, we cannot see any reason why he should be made liable for its amount.

Our Civil Code, art. 3238, provides, that the "vendor of an immovable only preserves his privilege on the object sold, when he has caused to be duly recorded, at the office of the Recorder of Mortgages, his act of sale, *whatever may be the amount due to him on the sale*"; and arts. 3314 and 3317 require that all mortgages should be recorded, and provide that such mortgages are only allowed to prejudice third persons, when they have been publicly inscribed on records kept for that purpose. Here, when Duplessis sold to François Gardère, the appellee's vendor, who paid him the full price of the property, the Recorder of Mortga-

ges gave a *clear certificate* of mortgages, because none existed upon his books, as none had ever been recorded; and it is perfectly clear that the failure of the appellant to preserve his mortgage and privilege in the manner directed by law, must have the consequence of disabling him from exercising them on the property in the hands of innocent purchasers who are not personally liable for the debt.

*Judgment affirmed.*